**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRANDON S., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    Case No. 4:24-CV-00399-CDL |
| FRANK BISIGNANO[1] | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Social Security child's insurance benefits and supplemental security income. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Court **affirms** the decision of the Commissioner.

**I.    Standard of Review**

The Social Security Act (the "Act") provides disability insurance benefits, including child's insurance benefits, and supplementary security income to qualifying individuals who have a disability. *See* 42 U.S.C. §§ 402(d), 423, 1382. The Act defines "disability" as

---

[1]    Effective May 7, 2025, pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Judicial review of a Commissioner's disability determination "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1178 (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Noreja*, 952 F.3d at 1178 (quoting *Grogan*, 399 F.3d at 1261–62).

So long as they are supported by substantial evidence, the agency's factual findings are conclusive. *Biestek*, 587 U.S. at 99; 42 U.S.C. § 405(g). The Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja*, 952 F.3d at 1178 (quoting *Knight*, 756 F.3d at 1175).

## II.    Background and Procedural History

On April 29, 2022, Plaintiff filed applications for child's insurance benefits and supplemental security income alleging he has been disabled since April 7, 2007. R. 17, 187, 194. Plaintiff's applications were initially denied on November 5, 2022, and they were

2

denied again upon reconsideration on January 7, 2023. R. 17, 61–62, 77–78. An administrative law judge ("ALJ") held a hearing on November 7, 2023 where Plaintiff testified along with his mother and a vocational expert ("VE"), R. 17, 31, and on February 26, 2024, the ALJ issued his decision finding that Plaintiff was not disabled. R. 17. Plaintiff appealed that decision on March 1, 2024, R. 182–83, and the Appeals Council denied Plaintiff's request on June 24, 2024. R. 1. On August 27, 2024, Plaintiff filed a timely appeal in this Court, (Doc. 2), which has jurisdiction to review the ALJ's decision under 42 U.S.C. § 405(g).

### A.    The ALJ's Decision

The Commissioner uses a five-step, sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. At step two, the ALJ determines whether the claimant has an impairment or a combination of impairments that is severe. At step three, the ALJ determines whether the claimant's severe impairment or combination of impairments is equivalent to one that is listed in the applicable regulation, which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987)); *see* 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (the "Listings"). At step four, Plaintiff must show that his impairment or combination of impairments prevents him from performing his previous work, if any.

The claimant bears the burden on steps one through four. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). If the claimant satisfies this burden, thus establishing a prima facie case of disability, the burden of proof shifts to the Commissioner to show at step five that the claimant has the RFC to perform other work available in the national economy, considering the claimant's age, education, and work experience. *Id*.

At step one, the ALJ determined that Plaintiff had not attained age 22 as of the alleged onset date of his disability, April 7, 2007, and that he has not engaged in substantial gainful activity since that date. R. 20. At step two, the ALJ determined that Plaintiff has several severe impairments: Depressive Disorder, Anxiety Disorder, Autism Spectrum Disorder, and Borderline Intellectual Functioning Disorder. R. 20.

At step three, the ALJ determined that Plaintiff's impairments do not meet or equal the severity criteria for any Listing, specifically referencing Listings 12.04, 12.06, 12.10, and 12.11. R. 20. In considering Plaintiff's mental impairments, the ALJ addressed the "paragraph B" criteria, the four areas of mental functioning used to gauge a mental impairment's severity. R. 20–21. The ALJ found that Plaintiff has a moderate limitation in each of the four "paragraph B" domains—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. R. 21.

At step four, after considering the entire record, the ALJ determined that Plaintiff has the RFC to

> perform a full range of work at all exertional levels but with the following
> non-exertional limitations: the claimant can perform simple but no detailed
> or complex tasks. He can perform work that is repetitive, routine, and rote.

> He can tolerate frequent contact with coworkers and supervisors and occasional contact with the general public. He cannot perform work with strict production standards such as fast-paced integral team assembly line work or meat processing. The claimant can remain on task and attentive to duties for two hours before needing a fifteen-minute break. He has limited ability to read, write, and use numbers.

R. 22. The ALJ indicated that, in making this finding, he considered all of Plaintiff's symptoms in connection with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-3p, as well as medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. §§ 404.1520c and 416.920c. R. 22.

The ALJ found at step four that Plaintiff has no past relevant work. R. 24. At step five, based on the VE's testimony as to a hypothetical person with Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff can perform the requirements of representative occupations including:

- Laundry Worker I, which is unskilled, medium work with a[] [Specific Vocational Preperation ("SVP")] of 2; the Dictionary of Occupational Titles ("DOT") Code No. is 361.684-014, and there are approximately 20,000 jobs available in the national economy;

- Floor Waxer, which is unskilled, medium work with an SVP of 2; the DOT Code No. is 381.687-034, and there are approximately 100,000 jobs available in the national economy;

- Dishwasher, which is unskilled, medium work with an SVP of 2; the DOT Code No. is 318.687-010, and there are approximately 23,000 jobs available in the national economy (reduced from 148,000 due to pace limitation).

R. 25. Accordingly, the ALJ found Plaintiff is not disabled at step five. R. 25.

## III.    Discussion

Plaintiff has not contested the ALJ's determinations at steps one through four. Instead, Plaintiff has argued that the ALJ failed to sustain his burden at the fifth step of the disability analysis: specifically, that the ALJ failed to have the VE reconcile conflicts between the VE's testimony and the DOT, and so an individual with his RFC could not perform any of the jobs that the ALJ relied on at step five. (Doc. 13 at 4). Accordingly, without these or some of these jobs, Plaintiff contends that the ALJ has not shown that sufficient jobs exist in the national economy that Plaintiff can perform despite his impairments. (*Id*. at 7). However, Plaintiff's argument is insufficient to show that the ALJ failed to support his step five findings with substantial evidence.

The first conflict Plaintiff identifies is that "Laundry Worker I" and "Dishwasher" are designated as having reasoning levels of two in the DOT. Plaintiff claims that such a reasoning level is incompatible with a limitation to "simple but no detailed or complex tasks." The DOT defines a reasoning level of two as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT App'x C, § III. Although the DOT defines level two reasoning as the ability to carry out "detailed" instructions, the Tenth Circuit has held that an individual limited to "simple" tasks can nonetheless carry out "detailed" instructions; there is no conflict. *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)); *see also Dana L. T. v. Kijakazi*, No. 22-CV-370-JFJ, 2023 WL 5938747, at *3 (N.D. Okla. Sep. 12, 2023) (finding that "no conflict exists between Plaintiff's RFC limitation to 'no detailed tasks' and the level-two reasoning required by the step-five

jobs"). Because a limitation to "simple tasks" does not conflict with the ability to follow "detailed instructions," there is no conflict between the VE's testimony and the DOT. The ALJ was not required to elicit further testimony from the VE about the jobs requiring reasoning levels of two, and that testimony was substantial evidence in support of the ALJ's step five determination.

Plaintiff argues that there are two additional conflicts pertaining to the "temperaments" associated with the jobs the ALJ referred to at step five. The jobs of "Laundry Worker 1" and "Floor Waxer" both require the temperament of "making judgments," and the job of "Laundry Worker 1" additionally requires the temperament of performing a "variety of duties," whereas the ALJ's RFC limits Plaintiff to jobs that are "simple, repetitive, routine, and rote." (Doc. 13 at 9–10). In making this argument, Plaintiff does not cite to the DOT, but to the "Occupational Crosswalk" and to the "Revised Handbook for Analyzing Jobs" ("RHAJ"). (*Id.*). Further, Plaintiff does not cite to any supporting case law specific to these contentions, instead asking the Court to employ "common sense" to find that these required temperaments are in conflict with a limitation to work that is simple, routine, and rote. (*Id.* at 10–11). The Court need not make this determination and declines to do so.[2] In seeking relief from the underlying decision,

---

[2]    Notably, Plaintiff does not explain what it means to "make judgments" or how work that is "simple, repetitive, and rote" may not consist of making judgments. Were it to turn to "common sense," the Court could scarcely conceive of a job that does not demand making the occasional "judgment." This term can conceivably embrace any number of decisions one may make in the course of performing even the simplest of tasks. The RHAJ's own definition does little to narrow the meaning: "Making Judgments and Decisions: Involves solving problems, making evaluations, or reaching conclusions based

Plaintiff's sole objection pertains to the ALJ's failure to resolve and explain conflicts between the VE's testimony and the DOT, a requirement under SSR 00-4p. That ruling, however, only requires the ALJ to address apparent conflicts between the VE's testimony and either the DOT or its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. SSR 00-4p; *see also Betsy Mae L. v. Bisignano*, Civil Action No. 24-2467-JWL, 2025 WL 2461293, at *12 (D. Kan. Aug. 26, 2025) (finding that SSR 00-4p "does not reference the RHAJ, therefore, an alleged conflict with the RHAJ is not covered within the meaning of SSR 00-4p"). The sources Plaintiff cites as conflicting with the VE's testimony are the Occupational Crosswalk and the RHAJ. These sources are not referenced in SSR 00-4p, and so the ALJ had no duty to reconcile apparent conflicts between the VE's testimony and either of these sources. Accordingly, the ALJ was entitled to rely on the VE's testimony and substantial evidence supports the ALJ's finding that Plaintiff was not disabled at step five of the disability analysis.

## IV.   Conclusion

For the reasons set forth above, the Court finds the ALJ's decision is supported by substantial evidence and correctly applies the applicable legal standards. Therefore, the decision of the Commissioner finding Plaintiff not disabled for the relevant period is **affirmed.**

**SO ORDERED** this 31st day of March, 2026.

---

on subjective or objective criteria, such as the five senses, knowledge, past experiences, or quantifiable or factual data." REVISED HANDBOOK FOR ANALYZING JOBS § 10-5 (1991).

Christine D. Little
United States Magistrate Judge